KEITH, Circuit Judge,
dissenting.
DISSENT
Because I believe that it is not prudent for a court to act before it determines that it has subject-matter jurisdiction, I respectfully dissent.
If we lack jurisdiction to review the Rule, then we lack jurisdiction to grant a stay. See Telecomm. Research & Action Ctr. v. FCC, 750 F.2d 70, 77-78 (D.C.Cir.1984) (holding that a district court did not have jurisdiction to review a rule or issue a writ of mandamus because of a special review statute that assigned judicial review to the courts of appeals); see also Greater Detroit Recovery Auth. v. EPA, 916 F.2d 317, 321-24 (6th Cir.1990) (holding that a district court was -without subject-matter jurisdiction and, therefore, did not have the authority to award attorneys’ fees because a special review statute gave the courts of appeals exclusive jurisdiction).
One of the issues in this case is whether this court has exclusive jurisdiction to review the Rule in the first instance. We can enjoin implementation of the Rule if we determine that we have jurisdiction. But until that question is answered, our subject-matter jurisdiction is in doubt, and I do not believe we should stay implementation of the Clean Water Rule.
Because subject-matter jurisdiction is a threshold determination, I do not reach the merits of the petitioners’ motion.